No. 3949

Second Circuit

CARROLL v. INTERNATIONAL PAPER COMPANY

(July 14, 1931. Opinion and Decree.)

Madison & Madison, of Bastrop, attorneys for plaintiff, appellant.

Todd; Todd & Fraser, of Bastrop, attorneys for defendant, appellee.

DREW, J. Tom J. Carroll, a carpenter, while in the employ of the International Paper Company, on January 30, 1928, was injured. On June 30, 1928, he filed suit for compensation alleging permanent total disability and prayed for judgment for 65 per cent of his weekly wages for a period not to exceed four hundred weeks. The district court rendered judgment in favor of plaintiff for the sum of $20 per week, payable weekly, for a period not to exceed two hundred weeks. This court, on May 8, 1929, held that Carroll had permanently lost the use of function of his right arm, and affirmed the judgment of the lower court. Carroll v. International Paper Co., 14 La. App. 532, 122 So. 131.

In July, 1930, the defendant, International Paper Company, alleging that Carroll had fully recovered, ruled him into court to show cause why his compensation should not be modified, in accordance with section 20 of Act No. 85 of 1926 (page 123). It alleged that he had prior to the filing of the rule, and since the judgment of the Court of Appeal, performed various and sundry acts of manual labor which show that he is fully recovered.

After trial in the district court, the rule was dissolved at the cost of International Paper Company. From this judgment it has appealed to this court.

The same doctors who testified in the original suit testified in this case, and each of them reiterates his former testimony. The lay witnesses show conclusively that Carroll was in as bad condition, if not worse, at the time of the trial as at the original trial. It is useless to rehash the testimony of each witness, as we are convinced that the former judgment should not be modified.

Carroll reconvened in this case and asked that the original judgment be increased from two hundred weeks to four hundred weeks. He was awarded judgment for the permanent loss of function of his right arm, and we know of no greater sum that could be awarded him than he has received.

The judgment of the lower court is correct, and it is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed, with all costs.